UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL LA FRANCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. 1:14-CV-3077-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS |

**BEFORE THE COURT** are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Motion for Remand, ECF No. 20. Attorney D. James Tree represent Michael La France (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 24. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Remand; and **REMANDS** the matter to the Commissioner for an immediate award of benefits.

**JURISDICTION**

Plaintiff protectively filed an application for Supplemental Security Income on June 2, 2010, alleging disability since May 1, 2006, Tr. 136-139, due to learning disability, back problems, and scoliosis, Tr. 162. The application was denied initially and upon reconsideration. The Administrative Law Judge (ALJ) held a hearing on June 19, 2012, Tr. 32-63, and issued an unfavorable decision on August 3, 2012, Tr. 18-28. The Appeals Council denied review on April 16, 2014.

Tr. 1-6. The ALJ's August 2012 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 3, 2014. ECF No. 1, 3.

## STATEMENT OF FACTS

The facts of this case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Plaintiff was born on May 16, 1977, and was 28 years old on the alleged onset date, May 1, 2006. Tr. 136. He completed high school in 1996, attending special education classes, and has past work as a general laborer. Tr. 48, 162-163. Plaintiff testified at the administrative hearing that he started having back problems after having his spleen removed, but he had not been able to obtain insurance in order to have his back issue fully examined. Tr. 49-50. He further testified that "two out of ten days" his contact dermatitis caused hand pain that prevented him from doing anything with his hands. Tr. 50-51.

Marie Ho, M.D, examined Plaintiff for purposes of his disability application on October 17, 2010, Tr. 242-246, and January 16, 2011, Tr. 252-258. Dr. Ho initially diagnosed a history of scoliosis with chronic back problems since 2003 and a learning disability, Tr. 245, and indicated Plaintiff would be limited to sitting, standing and walking less than six hours in an eight-hour work day, occasionally lifting and carrying 20 pounds, and frequently lifting and carrying 10 pounds, Tr. 246. Dr. Ho also initially noted Plaintiff would have occasional restrictions on postural activities, including kneeling, crouching, and stooping; Plaintiff had no restrictions of manipulative or workplace environment activities; and Plaintiff's history of learning disability could limit his ability to function in the workplace. Tr. 246. On January 16, 2011, Dr. Ho diagnosed history of scoliosis, dermatitis of the hands with no improvement after topical treatment, and dermatitis

of the thighs due to laundry detergent. Tr. 257. On this occasion, Dr. Ho indicated Plaintiff's lifting and carrying were limited to 10 pounds occasionally and 10 pounds frequently and restrictions of manipulative activities included reaching, handling, and fingering occasionally with his hands. Tr. 258.

State agency reviewing physician Wayne Hurley, M.D., opined on February 16, 2011, that Plaintiff was limited to only occasional handling and feeling with his hands due to contact dermatitis. Tr. 85-86.

Orthopedic surgeon, Richard Hutson, M.D., testified as a medical expert at the administrative hearing. Tr. 37-41. Dr. Hutson indicated he had reviewed the medical record, and the record reflected Plaintiff had a history of scoliosis with back pain since 2003. Tr. 39. Dr. Hutson indicated he would generally agree with Dr. Ho's assessments based on the objective medical evidence in the record. Tr. 39, 41. However, Dr. Hutson indicated he could not give an objective opinion on Dr. Ho's assessment of manipulative limitations stemming from contact dermatitis, because he believed most contact dermatitis could be appropriately treated and a patient's functioning would thereafter improve. Tr. 40-41.

On October 5, 2010, clinical psychologist Roland Dougherty, Ph.D., examined Plaintiff in relation to his disability claim. Tr. 237-241. Dr. Dougherty diagnosed cognitive disorder, NOS, and chronic back pain. Tr. 241. It was noted that Plaintiff's conversation suggested some intellectual deficits, but Plaintiff reported being able to read well and that cognitive deficits did not interfere with his past job functioning. Tr. 241. Dr. Dougherty opined that Plaintiff may have some difficulties with comprehension and memory for more complex tasks, but he should be able to understand, remember and follow simple instructions. *Id.*

On October 21, 2010, Philip L. Johnson, Ph.D., evaluated Plaintiff. Tr. 247-251. Dr. Johnson diagnosed mathematics disorder; borderline intellectual functioning; and back problems, scoliosis, contact dermatitis per Plaintiff's report. Tr. 251. It was noted that Plaintiff tested in the borderline range of intelligence,

but his academic achievement scores were in the high school range, except for math, which was at the second grade level. Tr. 251.

Clinical psychologist Margaret Ruth Moore, Ph.D., testified as a medical expert at the administrative hearing. Tr. 41-48. Dr. Moore stated the record reflected a history of cognitive limitations, borderline intellectual functioning and a likely mathematics disorder. Tr. 43. She opined it would be an incorrect assumption to jump to Listing 12.05, because Plaintiff was functioning at a higher level than mild mental retardation as contemplated at Listing 12.05. Tr. 43. Dr. Moore indicated Plaintiff would have some significant issues in terms of his ability to process and perform complicated instructions, but the record did not suggest he met or equaled a listing based on mental health alone. Tr. 44.

Vocational expert K. Diane Kramer testified at the administrative hearing on June 19, 2012, and identified the light exertion level jobs of cleaner I, sorter, and production assembler as positions Plaintiff would be able to perform with the limitations identified by the ALJ. Tr. 59-60. Ms. Kramer also indicated Plaintiff could perform these jobs "if he had a flare of his contact dermatitis [and] could wear non-latex gloves." Tr. 60-61. On cross-examination, Ms. Kramer indicated an individual could not maintain competitive employment with the added limitations of only occasional handling and feeling of the hands bilaterally, or more than occasional handling and feeling of the hands sometimes, but at least on an average about six days a month it would be limited to at least occasional or less. Tr. 61.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ

may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make

an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 3, 2012, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 2, 2010, the application date. Tr. 20. At step two, the ALJ determined Plaintiff had the following severe impairments: back pain secondary to scoliosis and status post splenectomy; recent onset of knee pain; obesity; and borderline intellectual functioning with a math disorder. Tr. 20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined he could perform a range of light exertion level work. Tr. 23. The ALJ found Plaintiff can lift and/or carry 20 pounds occasionally and lift and/or carry 10 pounds frequently; can sit, stand and/or walk about six hours in an eight-hour day; is not able to climb ladders, ropes, or scaffolds; can only occasionally climb ramps or stairs; can only occasionally balance, stoop, kneel, crouch or crawl; must avoid concentrated exposure to extreme cold, wetness, vibration, and hazards (such as moving machinery and heights); can understand, remember and carry out simple, routine, repetitive tasks and well-learned, detailed tasks, but is unable to perform work that involves any mathematics calculations; requires instruction by demonstration, as opposed to written form; and requires additional time to adapt to changes in the work routine. Tr. 23.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work. Tr. 26-27. However, at step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, there were other jobs that exist in significant

numbers in the national economy Plaintiff could perform, including the jobs of cleaner I, sorter, and production assembler. Tr. 27-28.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 2, 2010, the application date, through the date of the ALJ's decision, August 3, 2012.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to properly consider medical opinion evidence regarding Plaintiff's functional limitations; (2) improperly rejecting Plaintiff's subjective complaints; (3) improperly rejecting the testimony of Plaintiff's girlfriend, Pamela Travis; (4) failing to consider and find Plaintiff meets Listing 12.05C; and (5) relying on the testimony of a vocational expert that was based on an incomplete hypothetical question.

## DISCUSSION

Defendant agrees with Plaintiff that the ALJ erred in this case, but asserts that remand for further proceedings is the proper remedy because there are unresolved issues that must be evaluated and the record does not clearly require a finding of disability.  ECF No. 20 at 3.  While Defendant contends there are factual issues that need to be resolved on remand, Defendant does not identify what those precise factual issues are and only challenges Plaintiff's argument regarding Listing 12.05C.  Defendant does not contest Plaintiff's assertions regarding the other alleged errors in this matter.

**A.    Medical Record**

Plaintiff asserts, and Defendant does not contest, that the ALJ erred by failing to properly consider the medical opinion evidence regarding Plaintiff's functional limitations. ECF No. 12 at 9-16.  Plaintiff specifically argues the ALJ

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

erred by failing to account for Plaintiff's manipulative limitations as assessed by Drs. Ho, Hurley and Hutson. Plaintiff additionally argues the ALJ erred by providing no rationale for disregarding Dr. Ho's opinion that Plaintiff was limited to sedentary exertion level work.

The ALJ indicated she accorded "significant weight" to the findings of Dr. Ho and "great weight" to the assessments of the state agency physicians (Dr. Hurley) and Dr. Hutson. Tr. 25-26. The ALJ indicated these doctors found Plaintiff's manipulative limitations were only temporary and would resolve with proper care. *Id.* This statement is not supported by the evidence of record.

On January 16, 2011, Dr. Ho opined Plaintiff's manipulative activities, included reaching, handling, and fingering, were restricted. Tr. 258. Dr. Ho did not opine, as held by the ALJ, that Plaintiff's manipulative restrictions were temporary. State agency reviewing physician Hurley noted on February 16, 2011, that Plaintiff was limited to occasional handling and feeling with his hands due to contact dermatitis. Tr. 85-86. Again, there is no indication by this reviewing physician that the assessed manipulative restrictions were temporary. Medical expert Hutson testified on June 19, 2012, that he would generally agree with Dr. Ho's assessments, but indicated he could not give an objective opinion regarding Dr. Ho's assessment of manipulative limitations stemming from contact dermatitis because he believed most contact dermatitis could be appropriately treated and a patient's functioning would thereafter improve. Tr. 39-41. Dr. Hutson merely stated "most" contact dermatitis could be treated; he did not give an opinion as to Plaintiff's specific condition. *Id*. Dr. Hutson did not, as determined by the ALJ, "concur[] with Dr. Ho in that the manipulative limitations the claimant experienced during the second physical evaluation were temporary." Tr. 26.

The significant weight given to the opinions of Drs. Ho, Hurley, and Hutson by the ALJ should have accounted for Plaintiff's documented manipulative limitations. The ALJ erred in this regard.

The ALJ also erred by failing to account for the exertional limitations assessed by Dr. Ho during her second evaluation of Plaintiff. On January 16, 2011, Dr. Ho opined Plaintiff was limited to sedentary work.[1] Tr. 258. Despite this determination by Dr. Ho, and the ALJ according Dr. Ho's opinion "significant weight," the ALJ found Plaintiff could perform light exertion level work. Tr. 23. The ALJ failed to provide rationale for concluding, contrary to Dr. Ho's most recent opinion, that Plaintiff was capable of performing work at a greater exertion level.

**B.    Credibility**

Plaintiff next contends the ALJ erred by discrediting his symptom testimony without providing specific, clear and convincing reasons for doing so and by discrediting the lay witness testimony of Plaintiff's girlfriend. ECF No. 12 at 16-23. Defendant provides no opposition to Plaintiff's credibility assertions.

    **1.    Plaintiff's Credibility**

Plaintiff contends the ALJ erred by failing to provide valid reasons for rejecting his subjective complaints. ECF No. 12 at 16-21. The Court agrees.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and

---

[1] Sedentary work involves lifting no more than 10 pounds at a time, and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a).

convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The Court concludes the ALJ provided no valid reasons for finding Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were less than fully credible in this case. *See infra*.

The ALJ first cited Plaintiff's lack of treatment as a factor in assessing Plaintiff's credibility. Tr. 24. In assessing a claimant's credibility, an ALJ properly relies upon "'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen*, 80 F.3d at 1284); *see Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (an "unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies"). A claimant's statements may be deemed less credible "if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p.

However, a claimant's failure to follow a course of treatment may be excused if the claimant cannot afford the treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). As asserted by Plaintiff, and not disputed by Defendant, the record shows Plaintiff was not able to afford medical treatment in this case. ECF No. 12 at 17 (citing Tr. 50, 56, 253). Plaintiff did not have the means for treatment, but testified he had unsuccessfully attempted to acquire medical insurance coverage to obtain treatment. ECF No. 12 at 19 (citing Tr. 50). Plaintiff reported he did seek treatment for contact dermatitis on one occasion and "was

charged over $100" for an examination that lasted "about one minute." ECF No. 12 at 17 (citing Tr. 253). The topical cream prescribed following this examination did not relieve his symptoms.

The ALJ also mentioned that the severity and limiting effects of Plaintiff's impairments were not sufficiently documented in the record. Tr. 24. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991). However, as indicated by Plaintiff, and not contested by Defendant, objective medical findings support Plaintiff's symptom testimony, including December 2004 x-rays which revealed curvature of Plaintiff's spine, confirming scoliosis, Tr. 272, and medical findings by Dr. Ho consistent with Plaintiff's testimony regarding the severity and limiting effects of his impairments. ECF No. 12 at 20-21.

The ALJ failed to provide specific, clear and convincing reasons for rejecting Plaintiff's testimony in this case. The ALJ's determination regarding Plaintiff's credibility is not supported.

**2. Lay Witness Credibility**

Plaintiff also contends the ALJ erred by not making proper credibility findings as to the testimony of lay witness Pamela Travis, Plaintiff's girlfriend. ECF No. 12 at 21-23.

The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), citing 20 C.F.R. § 404.1513(e)(2). The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

As argued by Plaintiff, ECF No. 12 at 23, and not disputed by Defendant, the ALJ rejected Ms. Travis' statement without providing adequate reasoning,

stating only that "there are no corroborating records or medical opinions documenting a level of limitation greater than that assessed" by the ALJ, Tr. 26.

Consistent with Plaintiff's testimony and Dr. Ho's reports, Ms. Travis indicated Plaintiff could not stand or sit for long periods of time and had difficulty using his hands. Tr. 205-212. Contrary to the ALJ's finding regarding Ms. Travis, her statement is supported by credible record evidence. The ALJ failed to provide germane reasons for rejecting Ms. Travis' statement.

**C.    Step Five**

As discussed above, the ALJ accorded significant weight to the findings of Drs. Ho, Hurley, and Hutson, but erred by failing to account for Plaintiff's documented manipulative limitations. The ALJ additionally erred by disregarding Dr. Ho's opinion that Plaintiff was limited to sedentary exertion level work. The testimony of Plaintiff and statement of Ms. Travis further evidence that Plaintiff is limited to sedentary work and that Plaintiff's manipulative limitations restrict his ability to perform work. As indicated above, the ALJ failed to provide adequate reasons for rejecting their testimony. *See Lester*, 81 F.3d at 834 (if the ALJ improperly rejects testimony regarding limitations, and the claimant would be disabled if the testimony were credited, the matter should not be remanded solely to allow the ALJ to make specific findings regarding that testimony; the testimony should be credited as a matter of law).

Vocational expert K. Diane Kramer testified at the administrative hearing that with the profile provided by the ALJ, Plaintiff would be able to perform the light exertion level jobs of cleaner I, sorter, and production assembler. Tr. 59-60. However, with the added limitations of only occasional handling and feeling of the hands bilaterally or more than occasional handling and feeling of the hands sometimes, but at least on an average about six days a month it would be limited to at least occasional or less, Ms. Kramer indicated that such an individual could not maintain competitive employment. Tr. 61.

The vocational expert's responses to questioning indicate that, with the manipulative limitations assessed by the above medical professionals and corroborated by the testimony of Plaintiff and Ms. Travis, a hypothetical individual would not be able to perform competitive employment. Tr. 61. The weight of the record evidence, including the opinions of Drs. Ho, Hurley, and Hutson, and the testimony of Plaintiff, Ms. Travis, and the vocational expert, demonstrate that, contrary to the conclusions of the ALJ, Plaintiff is not able to work.

**D.    Listing 12.05C**

Having determined the weight of the record evidence supports a finding that Plaintiff is disabled at step five of the sequential evaluation process, the Court need not address Plaintiff's assertion regarding Listing 12.05C,[2] the only claim specifically challenged by Defendant in this case, ECF No. 20 at 8-10.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, the Court finds the ALJ's decision is not free of legal error. The Court has the discretion to remand the case for additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand for additional evidence is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is adequate for a proper determination to be made and further development is not necessary.

///

---

[2]The Court nevertheless notes there appears to be insufficient evidence in the record to carry Plaintiff's argument that his impairments meet or equal Listing 12.05C. *See* Tr. 44 (Medical Expert Moore testimony indicating the record did not suggest Plaintiff met or equaled a Listing 12.05).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

As discussed above, the ALJ erred by according significant weight to the opinions of Drs. Ho, Hurley, and Hutson, but failing to account for the manipulative limitations documented by these medical professionals; by disregarding Dr. Ho's opinion that Plaintiff was limited to sedentary exertion level work; and by failing to provide appropriate rationale for rejecting the testimony of Plaintiff and Ms. Travis. *Supra*.  After taking into consideration the opinions of these medical professionals and the testimony of Plaintiff, Ms. Travis, and the vocational expert, the evidence of record reveals Plaintiff was not capable of performing sustained work activity.  The ALJ's determination that Plaintiff could perform other work existing in substantial numbers in the national economy is not supported by substantial evidence.  Accordingly, the case should be remanded for an immediate award of benefits.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Defendant's Motion for Remand, **ECF No. 20**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for an immediate award of benefits.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered in favor of **PLAINTIFF** and the file shall be **CLOSED**.

DATED November 2, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE